CANDICE L. FIELDS (No. 172174)
CANDICE FIELDS LAW, PC
621 Capitol Mall, Suite 900
Sacramento, CA  95814
Tel:  (916) 414-8050
Fax: (916) 790-9450
Email: cfields@candicefieldslaw.com


Attorney for Defendant
ERIC REGO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br><br>ERIC REGO,<br><br>        Defendant. | Case No. 4:25-CR-000023 YGR<br><br>DEFENDANT ERIC REGO'S SENTENCING MEMORANDUM<br><br><br>Date: April 16, 2026<br>Time: 3:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers |

Defendant Eric Rego respectfully submits this memorandum in support of a sentence of 27 months' imprisonment, followed by three years of supervised release, restitution as ordered by the Court, and voluntary surrender.

I.

INTRODUCTION

Mr. Rego committed a serious fraud offense. He abused a position of trust, caused significant financial harm, and stands ready to be sentenced for that conduct. The question before the Court is the appropriate length of custody in light of the full record now before it. That record reflects sustained treatment, established structure, behavioral stability, and accountability confirmed across clinical evaluation, supervision, and community observation. It also reflects

1

acceptance of responsibility and steps toward restitution.

A sentence of 27 months is appropriate. It imposes meaningful punishment, addresses the harm caused, aligns with national sentencing outcomes for similarly situated defendants, and accounts for this defendant's demonstrated rehabilitation and reduced risk profile.

## II.

## THE OFFENSE CONDUCT AND GUIDELINE FRAMEWORK

Mr. Rego pleaded guilty to Count Three of the Indictment, charging mail fraud in violation of 18 U.S.C. § 1341. He admitted that, while serving as the CARES program coordinator, he caused a nonprofit contractor ("BACR") to purchase digital devices for purported program use, had those devices shipped to his home, and resold the devices to fund gambling activity, while also reviewing and approving invoices that represented those purchases as legitimate program expenses. Plea Agreement, at 3:4-17.

For Guidelines purposes, the parties agreed to a base offense level of 7, a 16-level loss enhancement, a 2-level enhancement for abuse of position of trust, a 3-level reduction for acceptance of responsibility, and a 2-level reduction under § 4C1.1 (zero-point offender), for a total offense level of 20. *Id*., at 5:17-28. The PSR adopts that calculation, PSR, Dkt. No. 41, at ¶¶49-58, resulting in an advisory guideline range of 33 to 41 months with Criminal History Category I.

The defense agrees that the PSR's guideline calculation is correct. The issue for sentencing is the application of the statutory factors to the present record.

## III.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Rego is 40 years old with no criminal history. The submitted letters describe a consistent pattern of family commitment, steady employment, and prosocial conduct. Character Letters, Exhibits B & C. He is an active and present father, with daily involvement in his children's lives and ongoing participation in their school and youth-sports activities. *Id*. His professional history centers on work with children and underprivileged youth through school districts, nonprofits, after-school programs, and city recreation. PSR ¶¶99-101.

2

The record also reflects longstanding mental-health conditions documented in medical records and evaluated by Marc N. Potenza, M.D., Ph.D., a Yale psychiatrist specializing in behavioral addictions and impulse control disorders. Dr. Potenza places the offense conduct within a clinical framework and identifies escalation during a period of untreated behavior. M. Potenza Evaluation, pp. 61-80.

IV.

POST-OFFENSE REHABILITATION

A.      The Rehabilitation Record is Sustained and Externally Verified.

Mr. Rego has engaged in sustained, structured rehabilitation over a meaningful period. He completed Moral Reconation Therapy ("MRT"), a cognitive-behavioral program used by Probation in the Eastern District of California[1] that requires step-based written work and group participation focused on moral reasoning, accountability, and decision-making. PSR, ¶ 85. He continues to attend regular peer-support meetings addressing behavioral addiction and now serves as a facilitator. *Id.*; Letters, Ex. A1-A6. He receives ongoing therapy through Kaiser Permanente, participates in counseling through a federally contracted provider, and remains under medical supervision with medication compliance. PSR, ¶ 85. He has maintained full compliance with pretrial supervision. *Id.*

Dr. Potenza's evaluation identifies a reduced risk of relapse based on treatment adherence, insight into behavioral triggers, and established accountability structures. R. Potenza Evaluation, cover letter dated March 22, 2026, pp.1-2.

The submitted letters reflect consistent observations from individuals with regular contact with Mr. Rego, describing accountability, follow-through, and continued engagement in recovery. Letters, Ex. A, B, & C. His peer-support mentor reports repeated discussions reflecting ownership of the offense conduct and a sustained commitment to change. Letter from DS dated Dec. 17, 2025, Ex. A-1.

Mr. Rego has presented a defined plan for continued structure, including ongoing peer-

_____

[1] Mr. Rego resides in the Eastern District.

support participation with mentor oversight, continued therapy and treatment, stable housing, and family support. Defendant's Statement, p.2; Letters from immediate family, Ex. B-1-4. He intends to pursue employment that does not involve financial authority. Defendant's Statement, p.2. The plan aligns with his demonstrated progress and provides a stable framework for continued compliance.

B.      Proposed Guideline Amendments Address Post-Offense Rehabilitation.

The Sentencing Commission has proposed an amendment to Chapter Three Adjustments, creating a new § 3E1.2, to account for post-offense rehabilitation by providing a reduction if the defendant demonstrates positive post-offense behavior or rehabilitative efforts. *See* U.S. Sentencing Commission, Proposed Amendments to the Federal Sentencing Guidelines (Dec. 2025). Specific considerations may include: voluntary repayment of restitution; successful participation in or completion of a voluntary court rehabilitation program; successful participation in or completion of a treatment program to address the abuse of drugs, alcohol, or gambling; successful participation in or completion in counseling, successful participation in educational, vocational, or skills training; gainful employment; consistent financial support to family members or dependents; civic, charitable, or public service in the community; and assisting in promoting the rehabilitation of others. Alternatively, post-offense behavior or rehabilitative efforts that "go beyond the typical actions undertaken by defendants prior to sentencing" may be considered grounds for variance. *Id.,* pp. 84-85.

While the current Guidelines Manual governs here,[2] the proposal now under consideration reflects the Commission's current policy judgment that sustained rehabilitation is a relevant sentencing consideration that can meaningfully inform a variance. Mr. Rego's record fits within that framework.

/ / /

/ / /

_____

[2] A public meeting and possible vote on the proposed amendments is scheduled to occur on April 16, 2026. *See* www.ussc.gov. The Commission's adopted amendments will then be submitted to Congress by May 1, and absent congressional disapproval they will take effect on November 1. *See* 28 U.S.C. 994(p).

## V.

## RESTITUTION AND ACCEPTANCE OF RESPONSIBILITY

Mr. Rego accepts responsibility for the harm caused to the Mt. Diablo Unified School District ("MDUSD"). In his Statement to the Court, Mr. Rego describes,

> I [ ] understand the harm I caused beyond myself. I took money from a school district. That is public money meant for students, programs, and the community. I betrayed the trust that was placed in me in a position that was supposed to serve kids and families. I understand that my actions have real consequences for an institution and for people who relied on that system, and that is something I take seriously and carry with me.
>
> . . .
>
> There has not been a single day that goes by where I am not remorseful and regretful for what I have done. It makes me sick to my stomach. I am truly sorry to the school district, my colleagues, my department and team, and especially the students. Kids deserve positive guidance and trust from the adults in their lives. I violated that trust. I take full responsibility for that and I am deeply sorry.

While he cannot erase the past damage and disappointment he has caused, both from the offense conduct and from separate employment-related misconduct that resulted in termination, he stipulates to a $3,465,000 loss amount and agrees that restitution should include that loss together with a five percent contract-based administrative fee incurred by MDUSD, for a total restitution amount of $3,638,250.

Mr. Rego has taken concrete steps toward restitution: $25,000 from the sale of his family residence was paid to the Court Clerk. Dkt. No. 40, Receipt #311176158. While that amount is modest in relation to the total restitution to be ordered, the residence was his only significant asset, and the payment reflects a decision to prioritize restitution over all other financial demands.

Mr. Rego's acceptance of responsibility is reflected in his plea, his statement to the Court, his conduct during supervision, and his sustained engagement in treatment and recovery.

## VI.

## APPLICATION OF 18 U.S.C. 3553(a)

The offense involved a breach of trust and substantial financial harm. A custodial sentence is warranted. A sentence of 27 months provides meaningful punishment and reflects the seriousness of the offense. It aligns with Mr. Rego's current condition as established in the

record, including sustained treatment, accountability, and a verified structure supporting continued compliance.

On this record, a 27-month sentence satisfies the purposes of deterrence and public protection. The custodial term imposes a clear consequence. The demonstrated rehabilitation and established treatment framework support the conclusion that a longer term of incarceration is not necessary to achieve those purposes.

The proposed sentence is consistent with national outcomes for similarly situated defendants, as reflected in the PSR, and promotes uniformity: During the last five fiscal years (FY2020-2024), there were 675 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 20 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 632 defendants (94%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 25 months and the median length of imprisonment imposed was 27 months. PSR, ¶ 122.

Taken together, these considerations support a sentence of 27 months as sufficient to meet the purposes of sentencing.

## VII.

## REQUESTED SENTENCE

Mr. Rego requests:

1.    27 months' imprisonment;

2.    3 years of supervised release;

3.    Restitution as ordered by the Court, limited to the stipulated loss amount plus the five percent contractual processing fee;

4.    No fine;

5.    Voluntary surrender;

6.    Designation to FCI Lompoc, minimum security camp, if eligible;

7.    Recommended RDAP placement; and

8.    Conditions of supervised release to include continuity of care with his current federally contracted provider, if possible.

## VIII.

## CONCLUSION

This case involves serious conduct and real harm. It also involves a defendant who has accepted responsibility and undertaken sustained, verifiable rehabilitation.

A 27-month sentence reflects the seriousness of the offense, aligns with national sentencing data, and accounts for Mr. Rego's current condition and reduced risk profile. It satisfies the purposes of sentencing.

Dated: April 9, 2026                    Respectfully submitted,


/s/ Candice L. Fields
Candice L. Fields
Attorney for Defendant
Eric Rego